In the Matter of MOSES C. ABUZA, an Attorney, Respondent.

First Department, July 13, 1917.

**Attorney-at-law disbarred — aiding judgment debtor to conceal property.**

Attorney-at-law disbarred for participating in an attempt of his client, a judgment debtor, to conceal from the creditor on an examination in supplementary proceedings property belonging to the judgment debtor by taking and keeping it in his possession during the examination, by allowing his client to testify falsely without objection or protest and by claiming privilege when interrogated under oath concerning the transaction.

DISCIPLINARY PROCEEDING instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

*Moses C. Abuza,* respondent in person.

CLARKE, P. J.:

Respondent was admitted to the bar in October, 1912, by the Appellate Division, First Department, and was practicing in the First Judicial District at the time of the occurrences in question. He was the attorney for one Ettinger against whom a judgment had been obtained in the case of *Lincoln* v. *Ettinger.* On April 7, 1916, the judgment debtor appeared in the City Court in compliance with an order directing his examination in proceedings supplementary to execution. At the time the oath was administered the judgment debtor wore a stick-pin, ring and a watch and chain. After being sworn and before being examined he requested the attorney for the judgment creditor to delay the examination until the arrival of his attorney, the respondent, which was granted. The respondent shortly thereafter reached the court room and had a conference with the judgment debtor who handed him his watch and chain and concealed the pin and ring upon his own person. The examination of the judgment debtor thereafter proceeded and in the course thereof testified as follows: " Q. Have you any jewelry? A. No, sir. Q. What became of the chain you had on your vest at the time you were sworn this morning? A. I had no

chain on my vest, I am sure of that. I know that I am under oath. Q. Did you ever own a watch and chain? A. I can show you a pawn ticket for one * * *. Q. What became of the ring you had on your finger at the time you were sworn? A. I had no ring on my finger, I am sure of that."

These answers were given by the judgment debtor in the immediate presence of the respondent who sat a few feet from him. Thereafter the judgment debtor was brought before the justice presiding at Special Term and in the presence of the respondent the attorney for the judgment creditor informed the court what had taken place. The judgment debtor was thereupon put upon the stand and having been sworn by the justice, he denied under oath that he had any of these articles in his possession at the time of his arrival at the court house. The respondent was then put upon the stand and sworn and the justice inquired of him as to whether he had observed these jewelry articles on the person of his client. He claimed that that was a privileged communication. The justice overruled the objection, holding that it was not privileged as the fact inquired of was observable and not confidential. The respondent then produced the watch and chain from his pocket and the judgment debtor the other articles of jewelry. The justice said that he would report the proceedings to the grievance committee of the Bar Association with respect to the respondent's conduct, which was thereafter done.

It appears, therefore, that respondent heard his client twice testify falsely without objection or protest and participated in an attempt to conceal from the creditor property belonging to the judgment debtor by taking and keeping it in his possession while it was being inquired about in a judicial proceeding and by claiming privilege when interrogated under oath concerning the same. It is obvious that the conclusion of the learned official referee that the respondent was guilty of unprofessional conduct is correct and must be approved.

We are of the opinion that the respondent should be and hereby is disbarred.

LAUGHLIN, SMITH, PAGE and SHEARN, JJ., concurred.

Respondent disbarred. Order to be settled on notice.